**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

C.L., a minor by her parents and next friends, KEVIN J. LEYLAND, II, and McKENZIE M. LEYLAND, *et al.*,

*Plaintiffs*,

v.

UNITED STATES OF AMERICA,

*Defendant*.

Case No. 23-cv-1841-ABA

# MEMORANDUM OPINION

Plaintiffs allege that providers at Walter Reed National Military Medical Center negligently managed McKenzie Leyland's labor and the delivery of her daughter, C.L., in June 2019, which they allege caused C.L. to suffer a permanent brain injury. ECF No. 17 ¶¶ 9–28. Defendant contends that the injury instead resulted from a stroke weeks before labor. ECF No. 83-1 at 5–6.[1] Because the claims arise under the Federal Tort Claims Act, they will be tried to the Court rather than a jury. 28 U.S.C. § 2402. The parties have disclosed nearly two dozen experts, and both sides estimate that a single trial would last about four weeks. ECF No. 83-1 at 3, 8; ECF No. 84-1 at 12. No trial date has been set. Defendant now moves to try liability and damages separately and to postpone damages discovery until after the liability phase. ECF No. 83. For the reasons below, the motion will be granted.

## I. STANDARD OF REVIEW

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). The

[1] Citations to docket filings refer to the page numbers generated by CM/ECF, which may differ from the pagination used by the parties.

movant "bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *Plyler v. Cox*, 145 F.4th 501, 513 (4th Cir. 2025) (quoting *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 975 (4th Cir. 2020)). Bifurcation is "a case-specific procedural matter." *Id.* (quoting *McKiver*, 980 F.3d at 974) (internal quotation marks omitted). It is "not to be routinely ordered," Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment, but Rule 42(b)'s grounds are disjunctive: "[o]nly one of these criteria"—to avoid prejudice, or to expedite and economize—"need be met to justify bifurcation." *Saltz v. City of Frederick*, 538 F. Supp. 3d 510, 561 (D. Md. 2021) (quoting *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)). The burden of proving that bifurcation is warranted rests with the moving party, and a decision whether to bifurcate "should be guided foremost by the consideration of 'which procedure is more likely to result in a just and expeditious final disposition of the litigation.'" *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, No. 17-CV-252-JKB, 2019 WL 2360929, at *3 (D. Md. June 4, 2019) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2010)).

## II. DISCUSSION

Defendant argues that separate phases will save time and expense because the liability and damages evidence are largely distinct, a liability ruling in its favor would end the case without further damages discovery or a damages trial, and deferred damages discovery would better reflect a young child's development. ECF No. 83-1 at 2, 5–10; ECF No. 86 at 1–2, 5–9. It also argues that bifurcation is an appropriate sanction for the late disclosure of the report of Plaintiffs' lost wages expert, Dr. Joseph Crouse,

whose opinions this Court declined to exclude. ECF No. 74 at 2–3; ECF No. 83-1 at 9–10; ECF No. 86 at 3–4. Plaintiffs respond that bifurcation is not a proper sanction, a bench trial presents no risk of jury prejudice, the liability and damages evidence overlap, and including damages in a single trial would comprise only two days out of the four weeks that the parties estimate for trial. ECF No. 84-1 at 4–12.

### A. Bifurcation

For the following reasons, the Court concludes that bifurcation is appropriate—purely as a matter of case administration, without reaching whether it would be appropriate as a sanction. The bench trial setting frames the Court's analysis. Plaintiffs assert that avoiding prejudice carries little weight when the Court is the factfinder, and Defendant does not argue otherwise. ECF No. 84-1 at 6–7, 12; ECF No. 83-1 at 5 n.1; ECF No. 86 at 6. The Court therefore does not rely on that ground, or on cases denying bifurcation of jury trials. *See, e.g.*, ECF No. 84-1 at 4–10. But with respect to the grounds that Defendant *does* invoke, such as convenience and economy, *see* ECF No. 83-1 at 9, a bench trial favors bifurcation. Trial bifurcation when both phases require a jury entails particular costs, such as requiring the same jurors to return for a second trial, along with the additional burdens on jurors that such a procedure would entail, or empaneling a new jury and re-presenting evidence to a new factfinder. Those costs do not arise here: the same factfinder will decide both phases; nothing from the liability phase will need to be repeated (rather at most briefly summarized, perhaps through briefing in advance of a damages trial); and any damages phase can be scheduled without regard to jury logistics. Other courts have bifurcated Federal Tort Claims Act cases in similar circumstances. *See, e.g.*, *Tucker v. United States*, No. 2:18-cv-02255-GMN-VCF, 2020 WL 5044138, at *3 (D. Nev. Aug. 26, 2020) (bifurcating bench trial in Federal Tort

Claims Act case arising from a vehicle collision because "a finding of liability against Plaintiff could resolve the entire case without any need to address damages" and bifurcation "could therefore save the parties significant funds in retaining experts on damages and medical treatment"); *Brown v. United States*, No. 8:23-cv-00627-AEP, 2025 WL 2600967, at *1 (M.D. Fla. Sept. 5, 2025) (granting bifurcation in Federal Tort Claims Act case arising from a collision between a Postal Service vehicle and a cyclist). The Sixth Circuit has likewise affirmed a decision to try liability and damages through separate bench trials where "there was no great overlap in issues." *Saxion*, 86 F.3d at 556.

The fact that any trials in this case (assuming Defendant does not establish entitlement to summary judgment) will be bench trials does not automatically justify bifurcation, of course. But based on the circumstances here taken as a whole, the reasons for bifurcation outweigh the reasons against it. The issues to be decided at the two trials (if both end up being necessary) are largely distinct. The liability phase will address whether the medical providers breached the applicable standard(s) of care and whether any breach caused C.L.'s injury. ECF No. 17 ¶¶ 11–27. Evidence about C.L.'s condition after birth and her MRI findings will be presented during that phase, because the experts rely on such evidence in their opinions on when and how the injury occurred. ECF No. 84-1 at 7. Other evidence would be offered only on damages, such as a life care plan, economic valuations, vocational assessments, and TRICARE coverage—evidence that likely has no bearing on breach or causation. *See, e.g.*, ECF No. 86 at 9. Thus, even if Plaintiffs establish liability, necessitating a second trial, bifurcation is appropriate. But if Plaintiffs do not establish liability, none of that evidence is needed—and the resources that would have been expended on discovery pertinent only to

damages, such as a vocational assessment of C.L. and the possible depositions of damages experts, ECF No. 83-1 at 9–10, would have been expended unnecessarily. Even accepting Plaintiffs' estimate that damages testimony would take about two days, ECF No. 84-1 at 10, those savings are substantial, and that estimate focuses only on trial days, not the substantially greater expense and time for the parties that damages-related discovery likely will entail.

Deferring damages discovery has a further benefit. The damages evidence turns on the development of a young child. Postponing that discovery until after the liability phase means it will occur later, when C.L. is older and closer in time to any damages trial, so the evidence will better reflect her condition and prognosis. ECF No. 83-1 at 2, 10. Indeed, Plaintiffs acknowledge that expert reports in cases like this one are routinely updated "to show the most current condition of the child." ECF No. 84-1 at 11. Deferral also lets that discovery proceed once, rather than through successive rounds of supplementation while liability remains unresolved. *See* ECF No. 86 at 4. It also tracks the sequencing this Court has already adopted, under which expert discovery on issues not subject to summary judgment, such as lost wages, may follow expert discovery on liability. ECF No. 80 at 3–4.

Plaintiffs' remaining concerns do not outweigh these benefits. If both phases are needed, Drs. Michael Katz and Phillip Pearl, who will testify on causation and damages, may have to appear twice. ECF No. 84-1 at 9–10. But that cost arises only if Plaintiffs prevail on liability, and the Court need not resolve whether Dr. Katz's causation testimony is duplicative. ECF No. 86 at 8. And although delay is a legitimate concern in a case filed in 2023, any added time a separate damages phase may require is outweighed by the savings described above. Moreover, if there is limited additional

testimony that Plaintiffs wish to present during a liability trial to avoid the need for Dr. Katz to potentially testify on two different occasions, they may raise that request through a motion in limine in advance of the liability trial.

In setting the deadline for this motion, the Court noted that Defendant "bears a heavy burden to persuade [the Court] that bifurcation would be appropriate, whether as a sanction or otherwise." ECF No. 80 at 3. On the full briefing, Defendant has carried that burden under Rule 42(b). Moreover, separate phases would promote convenience and economy without unduly prejudicing Plaintiffs.[2]

### B. Sanctions

Because bifurcation is warranted under Rule 42(b), the Court need not reach Defendant's alternative argument that it is an appropriate sanction under Rule 37(c)(1)(C), or Plaintiffs' responses that it is not an appropriate sanction and that the late disclosure was harmless. *See* ECF No. 83-1 at 9–10; ECF No. 84-1 at 4–5; ECF No. 86 at 3–4. The Court's ruling does not rest on that ground, and the Court need not resolve the parties' competing accounts of the disclosure or of who is responsible for the pace of damages discovery. ECF No. 84-1 at 1–3, 10–11; ECF No. 86 at 2–3.

## III. CONCLUSION

For these reasons, Defendant's motion to bifurcate (ECF No. 83) will be granted. Trial will proceed in two phases, liability first and damages second if necessary, and damages discovery will be stayed pending a liability ruling. A separate order follows.

[2] The Court also notes that although the parties estimate that a liability trial would be approximately three and a half weeks, in granting bifurcation the Court does not necessarily accept that estimate; the Court may require that any liability trial be completed in a shorter time. The Court will inform the parties of such time limits in advance of such trial.

Date: October 21, 2026

/s/

Adam B. Abelson

United States District Judge